## PLUMMER v. GRANITE MOUNTAIN MIN. CO.

### (Circuit Court, D. Montana. April 3, 1893.)

1. NEW TRIAL—WHEN GRANTED—CONTRADICTORY EVIDENCE.

   Plaintiff brought an action against defendant company, alleging that he, as defendant's manager, had paid to it the sum of $30,000, to be refunded if his accounts should be found correct, and seeking to recover such money. Defendant claimed that the money was paid absolutely as restitution for plaintiff's wrongful act in letting a contract for the delivery of wood to defendant by which plaintiff was benefited, such restitution being at the rate of one dollar per cord. The evidence on this point was conflicting, but it appeared that there was extended public notice of the proposals for the contract with invitations to bid; that defendant was notified of the terms of the contract before it was consummated; and that, at the time the payment was made, only a small portion of the wood had been delivered. *Held* that, plaintiff having recovered judgment for the full amount, defendant's motion for a new trial should be denied.

2. SAME—IRRELEVANT TESTIMONY.

   The court properly excluded evidence offered to show the large amount realized from the contract by one who took an assignment thereof from the original contractor after it had been partly executed, also evidence showing at what price a subsequent contract for delivery of wood to defendant was taken by such assignee, since it did not appear but that the contract was completed by the assignee under exceptionally favorable circumstances, nor that plaintiff could have let the contract to a person as efficient as the assignee.

At Law. Action by John W. Plummer against the Granite Mountain Mining Company. Judgment for plaintiff. Heard on motion for new trial. Denied.

Toole & Wallace, for plaintiff.

Forbis & Forbis and McConnell, Clayberg & Gunn, for defendant.

KNOWLES, District Judge. The issue presented in this cause was tried at the last term of this court by a jury which rendered a verdict in favor of plaintiff and against defendant for the sum of $30,000. Defendant now comes into court, and petitions the court for a new trial of the cause. The principal ground assigned in support of the petition, and the one chiefly presented in the brief of defendant, is that the verdict was against the weight of evidence. It is admitted that there was a material conflict in the evidence upon the most material point in the case, and this cannot be disputed. The dispute pertained to the contract under which the money was paid to defendant. The plaintiff claimed and testified that the money was paid to the defendant conditionally; that the condition under which the money was paid was, in substance, that his accounts with and management of the affairs of the Granite Mining Company should be investigated, and, if they were found correct, the money should be refunded to him. Mr. L. M. Rumsey, who acted for defendant in this matter, claimed that the money was paid to defendant absolutely; the plaintiff admitting that he had wronged the company in letting a certain wood contract to one Hall for the

delivery of 30,000 cords of wood to the defendant, and wished to make restitution to the amount of one dollar per cord. Which was the correct version of this contract was fully and fairly left to the jury for its decision. It is claimed that the evidence of Rumsey is strongly corroborated by other evidence. This may be admitted. It is also urged on the part of plaintiff that his evidence was strongly corroborated also by other evidence. I think this may be admitted. Both of these witnesses are well known, and are men of character and reputation. Mr. Rumsey has been a prominent business man in the city where he has lived, and was the owner of a large amount of the capital stock of defendant, and one of its most efficient and trusted officers. Mr. Plummer was for years the trusted superintendent and agent of defendant in its mining operations in Montana, and before had filled similar positions of trust, and since that time has been so employed. The question as to whether there had been any official or intentional wrong on the part of plaintiff in letting the said wood contract to Hall was fully inquired into as one of the circumstances bearing upon the point at issue. It is not claimed that there was not an extended public notice of the proposal to let this contract, bids invited, or that Hall did not make the lowest offer to deliver this wood. It appears that the officers of defendant at their office at St. Louis, Mo., were fully notified of the letting and proposed terms of this contract before it was finally consummated. The evidence was such that the jury would not have been justified in finding anything wrong in letting that contract. It is difficult to see why, under such circumstances, the plaintiff, Plummer, would have agreed to pay as a restitution to defendant one dollar per cord absolutely on the amount of wood to be delivered under this contract, and especially is this the case when we learn that only about 5,000 cords of wood had been delivered up to that time thereunder.

I believe these facts materially influenced the jury in reaching its verdict. They have exercised a considerable influence upon the mind of the court in considering this matter. It is claimed by counsel for defendant in their brief that plaintiff wished probably to cover up some other dereliction of duty to the defendant, and wished to stop further investigation. The only thing which the witness Rumsey declares in his evidence that Plummer acknowledged he had wronged the company in was this wood contract. That was the talk, according to his evidence, between them. There is nothing in the evidence which would lead to any opinion that there was any other transaction plaintiff wished to cover up. As a general rule, when the evidence is conflicting, a court will not grant a new trial. 16 Amer. & Eng. Enc. Law, p. 557, note 5. It should be borne in mind that a federal court grants a new trial only in accordance with the rules of the common law in such matters. Statutory regulations do not control in the matter. Where the evidence is conflicting, and the witnesses are all proven to be men of good character, a new trial will not be granted. Nonce v. Railroad Co., 33 Fed. Rep. 429-437. The jury are the judges of the weight to be

given to the evidence presented to them, and when they have done this, as it appears, fairly, without passion or prejudice, its verdict should not be disturbed, although the court might think a different result might be reached by another jury. Pim v. Wait, 32 Fed. Rep. 741. When there is a material conflict in the evidence upon the main issue in the case, the court will not grant a new trial, although it would have taken a different view from that of the jury.

It is urged that the court improperly excluded the evidence of Durand and Thomas, to the effect that Durand took an assignment of the contract above referred to to Hall, when only about 6,000 cords of wood had been delivered thereunder, and cleared some $40,000 on the same. It appeared from the evidence that the weather was uncertain in the neighborhood of Granite, where this wood was to be delivered,—some winters were more stormy than others; that this was a material consideration in delivering wood. It was not offered to show whether at the time when Durand delivered this wood the weather was favorable or not. It was not proposed to show that Durand used the same appliances as Hall, or was a man of the same experience as Hall, or employed the same kind of men. These the court thought were material matters. It did not appear that plaintiff had a choice of letting the contract to such a man as Durand. It is true that one man is much more efficient in filling the same contract than another. There is nothing in the evidence to warrant the court in saying that plaintiff had the knowledge and experience to warrant him in coming to the conclusion that the contract for the hauling of that wood could be let for any less than the contract price. The evidence would warrant the conclusion that Hall made no money out of the contract. Under these circumstances I must maintain that it was proper to exclude the evidence of these two witnesses upon this point. And for the same reasons I think the evidence of what a subsequent contract for delivery of wood to defendant was entered into for by Durand was properly excluded. All of this evidence is based upon some kind of a supposition, not supported by the evidence, that plaintiff knew that the contract with Hall was excessive as to price, and that he had the choice of letting a contract to such an efficient man as Durand proved to be. It entirely ignores the evidence in the case that this contract was let to Hall after bids had been advertised for and solicited, and that defendant was fully apprised of the whole proceeding, and made no objection until some time afterwards. For the reasons assigned, the petition is denied.